IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § | NO. 5:20-CR-025-FB |
| ANDREW YURI CAMPBELL | § § | |

### ORDER

Before the Court is Defendant's Amended Motion to Set Bond [#114], which was referred to the undersigned for disposition. The Court held a hearing on the motion on September 25, 2020. Having considered the motion, the Government's response thereto [#120], the parties' arguments and proffers at the hearing, the relevant law, and the case file as a whole, the Court will **DENY** the motion.

Defendant requests that the Court set bond because he is at an increased risk of contracting COVID-19 while incarcerated because of his hypertension and sleep apnea. The Court ordered Defendant detained in December of 2019 after a contested hearing, finding that he posed both a risk of danger and non-appearance. The Court may reopen a detention hearing if Defendant presents new information could have a "material bearing on the issue" of detention sufficient to warrant reconsideration of the order of detention. 18 U.S.C. § 3142(f). At the hearing, Defendant noted that one fact relied upon by the Court in ordering his detention—that he was in possession of a valid Mexican driver's license—was inaccurate. This is sufficient for the Court to reconsider the issue of detention.

However, detention continues to be appropriate. The remaining factors that cut in favor of detention, as outlined in the Court's previous order [#20], still stand. And at this point, Defendant has not just been accused of drug trafficking and money laundering conspiracies, he

has pleaded guilty to an offense listed in 18 U.S.C. § 3142(f)(1)(C).   Thus, detention is mandatory unless Defendant falls into one of the circumstances enumerated in 18 U.S.C. § 3143(a)(2).  He does not.

The Court notes that a defendant who has been ordered detained may be temporarily released pursuant to 18 U.S.C. § 3142(i) in "extraordinary circumstances."  Although it may be appropriate to temporarily release a defendant for treatment of serious health conditions in some circumstances, such circumstances are not present here.  After the hearing, the Court confirmed with the Marshal Service that Defendant is receiving medical attention and treatment.  The detention facility has in place protocols for handling COVID cases and for preventing the spread of the disease.  Defendant's situation is similar to many detainees' situation and cannot be described as "extraordinary."  Given the foregoing, especially Defendant's guilty plea and his documented flight risk and dangerousness,

**IT IS HEREBY ORDERED** that Defendant's Amended Motion to Set Bond [#114] is **DENIED**.

SIGNED this 30th day of September, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

2